| | |
|---|---|
| JON HUMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0242-EFB P<br><br><u>ORDER GRANTING IFP & SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A</u> |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a pretrial detainee at the Sacramento County Main Jail. He proceeds without counsel in this civil action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis (ECF No. 2) and a request for "pro se money to facilitate discovery and other advances" (ECF No. 6).

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). There is however, no authority for disbursing "pro se money" as requested by plaintiff. Accordingly, that request is denied.

////
/////

1

Screening

I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

## II. Analysis

Plaintiff alleges that he is a pretrial detainee at the Sacramento County Main Jail. ECF No. 1 at 3 & 4. He claims that the Jail's telephones allow for collect calls only. *Id.* As a result, he claims he is unable to speak to his family member(s), who do not have a credit card. *Id.* He also claims that he is denied access to a phone book to look up contact information of attorneys, and that even if he had such access, no attorney would be willing to "buy a . . . block of time to talk" to him. *Id.* He claims that the collect call system amounts to unlawful punishment in violation of the due process clause of the Fourteenth Amendment and that the limitations on his ability to locate a lawyer impair his ability to defend himself in his criminal case. *Id.* at 3-4.

The conclusory allegations that the collect call telephone system in general at the Sacramento County Main Jail interferes with plaintiff's access to his family are not cognizable under the due process clause. *See Harrell v. Solano Cnty. Jail*, No. 2:14-cv-01592, 2017 U.S. Dist. LEXIS 41826, at *11-12 (E.D. Cal. Mar. 22, 2017) (pretrial detainee's allegation that jail prohibited phone contact with family through collect-only phone system failed to state cognizable due process claim). While prisoners and pretrial detainees do have a First Amendment right to telephone access, a collect-only system may reasonably place limits upon that right if there are legitimate security interests for doing so. *See Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986) (noting that the right is "subject to rational limitations in the face of legitimate security interests of the penal institution."). Courts have identified legitimate security interests in collect call telephone systems similar to the one alleged here. *See, e.g., Clark v. Plummer*, No. C 95-0046 CAL, 1995 U.S. Dist. LEXIS 7048, at *2-3 (N.D. Cal. May 18, 1995) ("Automated

3

collect-call-only telephone systems are installed in jails and prisons to avert telephone fraud by inmates, to block access to restricted telephone numbers (such as the telephone numbers of crime victims), and to prevent some inmates from monopolizing the available telephones."); *Lane v. Hutcheson*, 794 F. Supp. 877, 881 (E.D. Mo. May 19, 1992) (collect call system for pretrial detainees meets constitutional standards).

The Fourteenth Amendment protects pretrial detainees against governmental interference in their right of access to the courts. *See Procunier v. Martinez*, 416 U.S. 396, 419-20, (1974); *Cornett v. Donovan*, 51 F.3d 894, 897 n.4 (9th Cir. 1995). An access to the court's claim requires a showing that the alleged interference hindered the plaintiff's effort to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). Though not entirely clear, plaintiff seems to allege that he would like to find another attorney because his court appointed attorney "won't even talk" to him. *See* ECF No. 1 at 3. He does not allege that the Jail's limitations on his ability to locate another attorney hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. Nor does he allege that the Jail's policies had anything to do with his appointed attorney's unwillingness to speak to him. Further, any Sixth Amendment right to counsel claim tied to plaintiff's ongoing state court criminal proceedings would be barred by the *Younger* abstention doctrine.[1]

Accordingly, plaintiff's complaint will be dismissed with leave to amend.

### Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act,

---

[1] *Younger* requires a district court to dismiss a federal action if the relevant state proceedings are: (1) ongoing, (2) implicate important state interests, and (3) provide plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001); *Younger v. Harris*, 401 U.S. 37, 45 (1971) (federal courts may not intervene in state criminal actions "except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.").

participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

It is THEREFORE ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the agency having custody of plaintiff filed concurrently herewith.

3. Plaintiff's request for "pro se money" (ECF No. 6) is denied.

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order.

5. Failure to comply with this order may result in dismissal of this action.

DATED: February 19, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE